UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

GLP HEALTH & BENEFIT SOLUTIONS, LLC

    Plaintiff                                                                  Civil Action No. 2:10-CV-13264 RHC

v

A-1 AFFORDABLE HEALTH INSURANCE
AGENCY, INC., a Michigan corporation, and
STEVEN GLASS, individually and
JAY BRESSLER, individually

    Defendants

_____

| | |
|---|---|
| Mark Cantor (P32661) | Gregory T. Zalecki (P27900) |
| Marc Lorelli (P63156) | 12900 Hall Road |
| Brooks Kushman PC | Suite 400 |
| 1000 Town Center, 22nd Floor | Sterling Heights, MI 48313 |
| Southfield, MI 48075-1238 | Attorney for Defendants |
| Attorneys for Plaintiff | |

_____

## **STIPULATED PROTECTIVE ORDER AS TO PRIORITY HEALTH**

At a session of said Court held in the City of Detroit, County of Wayne,
State of Michigan, on this _____ day of _____, 2010

PRESENT: THE HONORABLE ROBERT H. CLELAND, United States District Court Judge

IT IS ORDERED THAT:

1. All confidential information produced or exchanged by Priority Health shall be disclosed only as provided under this Order. Any documents provided by Priority Health to an attorney for one party shall also be provided to the attorney for the other party.

2. Information designated as "CONFIDENTIAL" which is produced by Priority Health shall be protected by all other parties, revealed only to Authorized Persons (see below),

1

and may include information contained in documents, information revealed during a deposition or in an interrogatory answer, or revealed in any other manner. This designation may be used only in the good faith belief that the information to be produced is confidential. Only information that discloses trade secrets or other confidential research, development, or commercial information of Priority Health is subject to this order and only such information may be designated as confidential by Priority Health.

3. Information designated as "CONFIDENTIAL" shall be produced, received or reviewed only by Authorized Persons. For purposes of this Order, an Authorized Person means:

    a. An attorney or a party involved in the litigation;

    b. Priority Health or an employee of Priority Health.

    c. An agent or employee of an attorney or party involved in this litigation to whom it is necessary that the information be shown for any related purpose (i.e., clerical or other assistant);

    d. An individual retained by a party or its attorneys in this litigation solely for the purpose of preparation in any court hearing in this case only (i.e. experts, consultants or other assistants);

    e. Any other person who is so designated by a written stipulation of the parties or an Order of this Court.

    f. Those persons who comply with the following Section 4, to the extent limited by Section 4.

    g. An author and/or original recipient of any information produced.

4. All persons to who confidential information and/or documents are disclosed are hereby enjoined from disclosing and using for business purposes the same except in discovery in

this litigation and/or the preparation for trial and trial of this action (including, but not limited to any motion or other court proceeding) and from disclosing the same to any other person except as otherwise provided herein.  No person receiving such confidential document or transcript shall disclose it or its contents to any person other than those described in Section 3 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

Any person to whom disclosure is made pursuant to this Order (other than counsel of record in these proceedings and paralegal, secretarial or other personnel regularly employed thereby and assisting in these legal proceedings) shall be advised concerning the terms of this Order, shall be given a copy of this Order and shall acknowledge in writing at the foot of a copy of this Order that such person has read and understands the provisions of this Order.  This paragraph shall not, however, preclude presentation or disclosure of documents or information subject to this Order to a witness in preparation for or during the deposition or trial, provided that said witness is not given a copy of any such document to take from the place of said deposition or trial, and is provided with a copy of this Order and is advised of record that the provisions of this Order are applicable to such witness.  Any such witness to whom any party discloses at deposition or trial such documents or information shall be bound by the provisions of this Order requiring non-disclosure of any such documents or information and shall be subject to sanctions upon any failure to comply therewith.  The party examining such witness shall have fulfilled its obligations under this Order upon compliance with the notification procedures herein described. Counsel for each party shall maintain a list of all persons to whom such counsel has disclosed or exhibited any documents or information subject to this Order and, for good cause shown, such lists shall be available for inspection by counsel for other parties upon Order of this Court.

5. Priority Health shall be responsible for marking any such materials as "CONFIDENTIAL." A copy of a confidential document shall be receiving the same level of protection as an original. Only information that discloses trade secrets or other confidential research, development, or commercial information of Priority Health is subject to this order and only such information may be designated as confidential by Priority Health.

6. Priority Health may change or cancel such designation at any time.

7. The unintentional production of confidential information by Priority Health (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information.

8. A party shall not be required to challenge the propriety of a confidential designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge to it. In the event that a party disagrees at any state of these proceedings with the confidential designation of Priority Health, the parties shall first attempt to resolve this issue on their own before seeking relief from the Court.

9. A party filing a document containing confidential information with the Court in this litigation shall use sealed envelope(s) prominently marked with the case caption and the following notation.

**THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIALS
TO BE OPENED ONLY AS DIRECTED BY THE COURT**

The Court Clerk is directed to maintain documents filed pursuant to this paragraph in separate section of the Court file not available to the public.

10. Information designated as confidential may be used during any proceeding in this litigation and may be offered in evidence at any court hearing subject to the court rules and rules

of evidence, but many not be used for any other purpose. A party seeking to use confidential information in a court proceeding shall give the Judge and the opposing party reasonable notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

11. At the conclusion of this litigation, a party who has received tangible confidential information from Priority Health shall return it to Priority Health. Upon request, counsel receiving confidential information shall certify to the Court that any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order, have been returned or destroyed. Any Order terminating this litigation shall contain a provision that this Order shall remain in full force and effect, and that the Court retains jurisdiction for purposes of enforcing this Order.

12. This Order shall not affect or impair the rights of the parties to the present litigation to raise or assert any defense, privilege or objection to the production or use of any information involved in the litigation.

13. This Order shall not preclude the parties to the present litigation from enforcing its rights against another party or any third party believed to be violating the rights of such party.

14. As officers of this Court, all counsel involved in the litigation shall use their best efforts to resolve issues relating to the terms of this Order without Court intervention.

15. As officers of this Court, all counsel involved in the litigation shall use their best efforts to ensure that their respective parties and representatives fully comply with the terms of this Order.

16. The Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

                                             s/Robert H. Cleland  
                                             Hon. Robert H. Cleland

APPROVED AS TO FORM:

/s/ Mark Cantor  
Mark Cantor (P32661)  
Attorney for Plaintiff

/s/ Gregory T. Zolecki  
Gregory T. Zolecki (P27900)  
Attorney for Defendants

/s/ Jeffrey W. Buckman  
Jeffrey W. Buckman (P55970)  
Attorney for Priority Health